IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, a/k/a Dwight Xavier Jones, #1059-5401, a/k/a Dwight X Jones, a/k/a Dwight Jones,<br><br>        Plaintiff,<br><br>v.<br><br>Director Cohen; S Partner; Chrissie Latimore; Unknown US Marshal Supervisor; Head of Medical Unknown US Marshal,<br><br>        Defendants. | C/A No. 5:24-cv-4366-SAL<br><br><br>**ORDER** |

Plaintiff Dwight Xavier Jones ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights while incarcerated at Barnwell County Detention Center. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the action be summarily dismissed without prejudice and without issuance and service of process. [ECF No. 32.] Specifically, the magistrate judge issued an order on October 9, 2024, providing Plaintiff the opportunity to correct various defects in his complaint, but Plaintiff failed to timely file an amended complaint or otherwise cure the identified deficiencies. *Id.* at 5. Accordingly, in addition to other reasons, the magistrate judge recommended summary dismissal pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Attached to the Report was a notice advising Plaintiff of the

procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. Plaintiff has not filed objections, and the time for doing so has expired.[1]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, adopts the Report, ECF No. 32, and incorporates it by reference herein. This matter is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

**IT IS SO ORDERED.**

December 27, 2024                                             Sherri A. Lydon
Columbia, South Carolina                              United States District Judge

---

[1] The Report was mailed to the address provided by Plaintiff but was returned to the court as undeliverable. The prior proper form orders were not returned as undeliverable yet Plaintiff did not correct the deficiencies identified by the magistrate judge. Further, at the start of this case, Plaintiff was directed to keep his address on file with the court or his case could be subject to dismissal. *See* ECF No. 8.